UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINCOLN DAVID STRAUSS** | **CIVIL ACTION NO.:** |
| **VERSUS** | |
| **FOUNDATION FOR LOUISIANA STUDENTS, DBA UNIVERSITY VIEW ACADEMY, AND MICHELLE CLAYTON** | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Dr. Lincoln David Strauss, Ed.D. ("Strauss"), who respectfully submits this *Complaint* and avers as follows:

1.

Made Defendants herein and liable unto Strauss are the Foundation for Louisiana Students, dba University View Academy ("UVA"), and Michelle Clayton ("Clayton").

2.

David Strauss brings this action under Title VII of the Civil Rights Act of 1964 and the Employment Act of 1967 (29 U.S.C. §633.c).

*Jurisdiction and Venue*

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because this action is brought under Title VII of the Civil Rights Act of 1964 and the Employment Act of 1967.

4.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to this lawsuit occurred within this district.

5.

Dr. Strauss filed a complaint with the EEOC office on November 4, 2019, within 300 days of his termination.

6.

This suit was filed within 60 days of receiving a "right to sue letter" from the US Equal Employment Opportunity Commission ("EEOC").

*Statement of Facts*

7.

Dr. David Strauss was employed by the Foundation for Louisiana Students, doing business as University View Academy (hereinafter, sometimes referred to as "UVA") beginning August 14, 2016, as Supervisor of Special Education.

8.

UVA and Michelle Clayton were the joint employers of Dr. Strauss at the time of his termination.

9.

During 2017, Dr. Michelle Clayton became the superintendent of UVA and the direct supervisor of Dr. Strauss.

10.

Defendant Clayton had the authority to, and in fact did, terminate Dr. Strauss.

11.

Defendant Clayton had the authority to discipline Dr. Strauss.

12.

Defendant UVA maintained the records of hours, handled payroll and provided insurance for Dr. Strauss.

13.

Dr. Strauss was wrongfully terminated on December 17, 2018 because of his age, gender and/or race.

14.

At the time of the wrongful termination, Dr. Strauss was a sixty-one (61)-year-old white male. His supervisor was a black female.

15.

Prior to his employment at UVA, Dr. Strauss was Supervisor of Special Education at West Baton Rouge Parish Schools, with almost 40 years of experience in education and a doctorate of education.

16.

Dr. Strauss was replaced by a younger white female, who did not have a doctorate degree, who was about 20 years younger than Dr. Strauss, and who had less experience and fewer educational qualifications than Dr. Strauss, especially in the area of Special Education as it related to students with disabilities.

17.

Prior to Dr. Clayton replacing Dr. Alonzo Luce as superintendent, Dr. Strauss had always had positive reviews of his work performance.

18.

Upon information and belief, after Dr. Clayton became superintendent, Dr. Strauss did not receive any reprimands or negative work performance reviews.

19.

Dr. Strauss was terminated by UVA through Dr. Michelle Clayton, a newly appointed superintendent of UVA, as part of a purge of those employees who had been hired by former UVA superintendent, Dr. Alonzo Luce.  As an initial part of the systematic purge of white males by Defendants, Dr. Luce, a white male, was replaced by a younger, black, less experienced female, Dr. Clayton.

20.

Defendants UVA and Dr. Clayton systematically replaced the following white males during 2018 and early 2019:

  a. Dr. Alonzo Luce was replaced by a younger black female.

  b. Dr. David Strauss was replaced by a younger white female.

  c. Mr. Mark Gamble was replaced by a younger black female.

  d. Mr. Robert Logan was replaced by a younger black female.

  e. Mr. Joey Comeau was replaced by a black female.

21.

In addition, during the last several months of his employment at UVA, Dr. Strauss was harassed and had to work in a hostile work environment caused by Clayton.  In particular, Clayton, Dr. Strauss's immediate supervisor, as a representative of UVA, treated Dr. Strauss in a hostile manner and demonstrated an express desire to replace existing white male employees, including Dr. Strauss, with people who "looked like her," female and/or people of color.

22.

UVA and Clayton purged the upper administration of UVA of most if not all white males who had been hired by Dr. Luce.

23.

The hostile work environment created at UVA by Clayton caused tension among the staff and made it very difficult for Dr. Strauss to perform his duties.

24.

UVA, through Dr. Clayton, as superintendent and representative of UVA, marginalized Dr. Strauss whenever possible.

25.

At Christmas, Clayton allowed a Christmas celebration for two female school principals but denied Dr. Strauss the opportunity to hold a similar Christmas celebration for special education teachers.

26.

At a meeting of the Louisiana Department of Education, at which Dr. Strauss was in attendance on behalf of UVA, he was humiliated by Dr. Clayton when she and other UVA employees had sat down for lunch. Dr. Strauss, seeking to join his co-workers and Dr. Clayton, attempted to introduce his wife, at which time Dr. Clayton exhibited a hostile, humiliating and disdaining tone and mannerism toward Strauss. Feeling humiliated, Dr. Strauss and his wife found another place to eat lunch.

27.

Since his termination, Dr. Strauss has been unable to obtain equivalent professional employment commensurate with his experience and education, and thus has suffered financially.

Dr. Strauss was able to find a position of Supervisor of Education in a different Parish, but at an almost $20,000 lower salary, with much inferior benefits, and with an over an hour commute each way to work.

28.

Since his termination by UVA, Dr. Strauss has suffered emotionally and has had to seek counseling.

*First Cause of Action—Title VII Violation*

29.

Dr. Strauss is the victim of discrimination because of his gender, his age, and/or his race, which had the effect of unreasonably interfering with Dr. Strauss's work performance and created an intimidating, hostile, and/or offensive working environment. Defendants UVA and Clayton jointly and systematically replaced older, white males, with young females, and if possible with young black females. Dr. Strauss was terminated because he was older, white and male. As such, Defendants' conduct violated Title VII of the Civil Rights Act of 1964 (gender and race) and the Employment Act of 1967 (age).

30.

UVA has employed more than 15 individuals for the past twenty calendar weeks respectively.

31.

Due to the Title VII and the Employment Act of 1967 violations by Defendants, UVA and Clayton, Dr. Strauss has suffered financial loss, mental and emotional anguish, inconvenience, and embarrassment.

32.

Dr. Strauss seeks recovery of all available damages from Defendants UVA and Clayton, including back-pay, lost benefits, costs associated with obtaining a new job, general damages, punitive damages, reasonable attorney's fees, and costs of these proceedings.

33.

On or about November 4, 2019, Dr. Strauss filed a charge with the EEOC against Defendants. On or about March 11, 2021, the EEOC issued a "Notice of Right to Sue" letter to Dr. Strauss relative to UVA, all as more fully shown as Exhibit A, attached hereto and made a part hereof. Dr. Strauss has exhausted all of his administrative remedies, and this matter is ripe for judicial intervention.

WHEREFORE, Plaintiff, Dr. David Strauss, prays that there be service and citation upon the Defendants and that after all legal delays and proceedings there be judgment rendered in favor of the Plaintiff and against Defendants as follows:

- Dr. Strauss be awarded his back pay, his lost employment benefits, costs associated with obtaining a new job, mental and emotional anguish, punitive damages, reasonable attorney's fees, and costs of these proceedings.

- Plaintiff also prays for any and all other relief to which he may be entitled at law or in equity under these premises.

A Jury Trial is hereby demanded on all claims.

Respectfully Submitted:

s/ James C. Carver
James C. Carver, Ph.D., J.D.
LA Bar #19514 –T.A.
THE CARVER LAW FIRM, LLC
201 St. Charles Street
Baton Rouge, LA 70802
Phone: (225) 636-2642
Fax: (225) 387-3198
Email: jim@thecarverlawfirm.com
*Attorney for Plaintiff, David Strauss*